IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY KNOX, SR., | | No. CIV S-08-0494-MCE-CMK-P |
| | Petitioner, | |
| vs. | | FINDINGS AND RECOMMENDATIONS |
| M. MARTEL, et al., | | |
| | Respondents. | |
| _____/ | | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition raises two claims: (1) the trial court erred by not advising petitioner of his rights prior to accepting stipulations of facts, and (2) trial counsel provided ineffective assistance of counsel. Pending before the court is petitioner's motion for an evidentiary hearing (Doc. 6).

      Petitioner states in his motion that "the Third District Court of Appeals held an oral argument hearing in this matter and determined that, 'although the trial courts erred in not advising defendant of his Boykin/Tahl rights before accepting the stipulations, the error is

/ / /

/ / /

1

harmless.'" (Motion at 4).[1] He then argues that the denial of his appeal "was contrary to and involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court." (Id.) He further states that he was denied an opportunity to be heard by the California Supreme Court. He is requesting an evidentiary hearing "to resolve the following issues in dispute:"

> 1.    Did the trial courts obtain the jury trial waiver and the stipulations of guilt in violation of clearly established federal law, as determined by the Federal Rules governing acceptance of guilty pleas and waivers?
>
> 2.    Was the trial courts prejudiced by the erroneously obtained stipulations of guilt when stating, "Do you understand all of those issues will be 'assumed' before we even get started, 'assumed to be true' before we even get started? [sic]"
>
> 3.    When the trial courts stated, "Mr. Miller, I did want to put on the record, 'actually I meant' to do it before he waived, what you told him about [what] the consequences were of any guilty verdicts by the courts." . . . Does this demonstrate "plain error" of petitioner's "substantial rights" to be personally addressed in open court by the courts to determine that the agreed upon stipulations and waiver was voluntary and was the understanding of the penal consequences of doing so?
>
> 4.    Does defense counsel, trial judge, and the prosecution calculating and miscalculating petitioners time to be served in prison "after" obtaining the jury trial waiver and the incriminating stipulations of guilt, demonstrate that under the "totality of circumstances," petitioner could not have made a knowing, voluntary, and understanding decision to stipulate? When the trial courts as a whole were not themselves aware of the direct penal consequences? As they were doing the math in open court and on the record. . . .
>
> 5.    Should petitioner have been afforded the same opportunity to withdraw from the incriminating stipulations of guilt, as was afforded the opportunity withdraw from the jury trial waiver? As they both were obtained in violation of the Federal Rules governing guilty pleas and waivers? . . .

/ / /

---

[1] Referring to Boykin v. Alabama, 395 U.S. 238 (1969) and In re Tahl, 81 Cal. Rptr. 577 (Cal. 1969).

2

      6.    The effectiveness of the court appointed public defender?

Generally:

> To obtain an evidentiary hearing on [a habeas corpus] claim, a habeas petitioner must establish that (1) his allegations, if proven, would constitute a colorable claim, thereby entitling him to relief and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts.

Correll v. Stewart, 137 F.3d 1404, 1413 (9th Cir. 1998) (citations omitted). If, of course, petitioner's facts cannot stand as the basis for a federal claim, e.g., the alleged error is not prejudicial as a matter of law, no evidentiary hearing is required. If petitioner's claim can be resolved on the existing record, an evidentiary hearing is unnecessary. See Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999). In addition "an evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record." Totten v. Merkle, 137 F.3d 1172, 1176 (citing Campbell v. Wood, 18 F.3d 662, 679 (9th Cir. 1994)). An evidentiary hearing is also not appropriate where there are no disputed material facts or where the claims present purely legal questions. See Harris v. Pulley, 885 F.2d 1354, 1378 (9th Cir. 1988).

      A petitioner is not entitled to an evidentiary hearing where he was at fault for failing to develop the record in state court, unless one of the exceptions outlined in 28 U.S.C. § 2254(e)(2) is met. Thus, a petitioner must demonstrate due diligence with respect to developing the factual record in state court. "Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." See Williams v. Taylor, 529 U.S. 420, 435, 437 (2000). To demonstrate diligence a petitioner must, at a minimum, seek an evidentiary hearing in state court. See id. Whether the petitioner has been diligent is a question of fact for the district court that cannot be disturbed unless clearly erroneous. See Gandarela v. Johnson, 286 F.3d 1080, 1087 (9th Cir. 2002).

      Here, petitioner's motion fails to meet the standard required for obtaining an evidentiary hearing in a federal habeas proceeding. Specifically, petitioner fails to articulate what

facts are in dispute and how an evidentiary hearing will further his claim. See <u>McKnight v. Comstock</u>, 445 F.2d 317 (9th Cir. 1971) ("Denial of the petition without an evidentiary hearing was not error, since there are no disputed facts"). Plaintiff's motion even states that the above "issues" need to be resolved, and sets forth basically the same claims he has made in his petition. He has not, however, articulated any facts which are disputed, nor has he identified what facts he wishes to develop.

Also significant to petitioner's motion is his failure to raise these issues in state habeas proceedings. It appears that petitioner filed direct appeals of his conviction to the state appellate and supreme courts, but failed to file any state habeas proceedings. While this does not necessarily render his claims unexhausted, it does raise the question whether he was diligent in developing the record in the state courts for the purpose of deciding whether to hold an evidentiary hearing. See <u>Baja v. Ducharme</u>, 187 F.3d 1075, 1079 (9th Cir. 1999) (finding petitioner failed to explain why he could not have developed the record during the course of his state proceedings where he failed to support his ineffective assistance claim with any evidence). As ineffective assistance of counsel claims are better suited for habeas proceedings, petitioner's claim of ineffective assistance of counsel claim should have been brought in a state habeas proceeding where it could have been better developed. See <u>United States v. Sitton</u>, 968 F.2d 947, 960 (9th Cir. 1992). Petitioner has failed to explain why the evidence he needs to support his claim could not have been developed in state court proceedings.

In connection with petitioner's petition, the court has before it all of the lodged documents from petitioner's state trial proceedings (including the proceedings in state court during which petitioner entered into the alleged involuntary stipulations). Petitioner does not set forth any additional facts he wishes to bring into this matter, nor does he indicate how those facts are necessary for his claim. He essentially is requesting the court hold a hearing on the claims raised in his petition, not an evidentiary hearing to establish any disputed facts. Even with a broad reading of petitioner's motion for an evidentiary hearing, the undersigned is unable to determine

any factual dispute.

Based on the foregoing, the undersigned recommends that petitioner's motion for an evidentiary hearing (Doc. 6) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 27, 2009

*Craig M. Kellison*
_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE