1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ANTHONY KNOX, SR.,                          No. CIV S-08-0494-MCE-CMK-P

12                      Petitioner,

13          vs.                                    <u>FINDINGS AND RECOMMENDATIONS</u>

14    M. MARTEL, et al.,

15                      Respondents.

16    _____/

17            Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254.   Pending before the court are petitioner's motions

19    to stay these proceedings to allow him an opportunity to return to state court and exhaust

20    additional claims (Docs. 19, 20).

21            Petitioner filed his petition, challenging his 2005 conviction, in this court on

22    March 5, 2008.  Respondent filed an answer to the petition on June 20, 2008, and Petitioner filed

23    his traverse on July 17, 2008.  The petition raises two claims: (1) the trial court erred by not

24    advising petitioner of his rights prior to accepting stipulations of facts, and (2) trial counsel

25    provided ineffective assistance of counsel.  Now, after his petition has been filed and fully brief

26    for over a year, Petitioner is requesting the court stay these proceedings and hold his petition in

1

abeyance so he may exhausted several "newly discovered" claims.

The Ninth Circuit Court of Appeals has recently clarified the procedures for analyzing stay-and-abeyance motions.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  There are two approaches for analyzing a motion for a stay-and-abeyance, depending on whether the petition is mixed or fully exhausted.  See King, 546 F.3d at 1135-36; Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005).  If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request can be analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005).  See Jackson, 425 F.3d at 661.  If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins, 481 F.3d 1143, applies.  See Jackson, 425 F.3d at 661.[1]

Under Rhines, in limited circumstances and upon the court's discretion, a petitioner can have his entire petition stayed and placed in abeyance while he exhausts the unexhausted claims in state court.  See King, 546 F.3d at 1135-36 (citing Rhines, 544 U.S. 269).  Under Kelly, the petitioner first amends his mixed petition to delete any unexhausted claims.  Next the court would stay and hold in abeyance the amended, and now fully exhausted, petition while the petitioner exhausts the deleted claims in state court.  Finally, the petitioner amends his stayed petition to re-attach the now fully exhausted claims that he had previously deleted.  See id. (citing Kelly, 315 F.3d 1063).

There are two important distinctions between Rhines and Kelly.  First, Rhines stays and holds in abeyance both the exhausted and unexhausted claims whereas Kelly requires the petitioner to delete the unexhausted claims and only stays and holds in abeyance the fully exhausted petition.  This is an important distinction because under Kelly a petitioner must still

---

[1]      The approach set out in Kelly can also be utilized for mixed petitions following the three-step process.  See King, 546 F.3d at 1135-36.

1   amend to add his deleted claims within the original one year statue of limitation set forth by the

2   Anti-Terrorism and Effective Death Penalty Act of 1996.  See King, 564 F.3d at 1138-39; 28

3   U.S.C. § 2244(d)(1).  Under Rhines a petitioner, however, need not worry about the statute of

4   limitations because his unexhausted claims never leave federal court.  See King, 564 F.3d at

5   1139, 1140 (citing Rhines, 544 U.S. at 277).  The second difference between the two analyses is

6   that Rhines requires a showing of good cause, while Kelly does not.  See id. at 1140.  Even

7   though Kelly does not require a showing of good cause, the Court was clear that the "district

8   courts retain the same degree of discretion they had before Rhines to implement the Kelly

9   procedure."  Id. at 1141.

10          In this case, Petitioner does not seek to stay a mixed petition; he seeks to hold all

11   of his original exhausted claims in abeyance while he exhausts his new claims.  Because

12   Petitioner is trying to stay a fully exhausted petition, Kelly seems to provide the appropriate

13   standard.  As mentioned above, the major hurdle which a petitioner seeking to stay his petition

14   under Kelly must overcome is amending his petition to include the newly exhausted claims

15   within the original one-year limitation period.

16          Federal habeas corpus petitions must be filed within one year from the later of: (1)

17   the date the state court judgment became final; (2) the date on which an impediment to filing

18   created by state action is removed; (3) the date on which a constitutional right is newly-

19   recognized and made retroactive on collateral review; or (4) the date on which the factual

20   predicate of the claim could have been discovered through the exercise of due diligence.  See 28

21   U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court

22   judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

23   review.  See 28 U.S.C. § 2244(d)(1).

24          Where a petition for review by the California Supreme Court is filed and no

25   petition for certiorari is filed in the United States Supreme Court, the one-year limitations period

26   begins running the day after expiration of the 90-day time within which to seek review by the

1   United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

2   Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year

3   limitations period begins to run the day after certiorari is denied or the Court issued a merits

4   decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for

5   review by the California Supreme Court is filed, the conviction becomes final 40 days following

6   the Court of Appeal's decision, and the limitations period begins running the following day.  See

7   Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the

8   conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the

9   limitations period begins running the following day.  If the conviction became final before April

10  24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the

11  day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th

12  Cir. 1999).  The limitations period is tolled, however, for the time a properly filed application for

13  post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).

14          Here, Petitioner is challenging his 2005 conviction.  In his petition, he asserts that

15  he filed direct appeals in both the California Court of Appeals and the California Supreme Court.

16  He states the California Supreme Court denied his appeal on September 12, 2007.  He does not

17  assert that he filed a petition for certiorari in the United States Supreme Court.  It therefore

18  appears that statute of limitations began to run on or about December 13, 2007.  Petitioner further

19  does not assert that he filed any state habeas petitions.  Therefore, the one-year statute of

20  limitations would have expired on or about December 14, 2008.

21          As noted above, Petitioner filed his habeas petition in this court on March 5, 2008.

22  That petition contained only claims he had exhausted in the state court, through his direct

23  appeals.  Respondent concedes that his current petition is timely and contains only exhausted

24  claims.  However, the claims Petitioner now wishes to exhaust in state court, in order to add to

25  / / /

26  / / /

4

his current petition, have not previously been raised before any state court.[2]  In his motion,

Petitioner does not address the statute of limitations issue he would face if the court were to grant

his motion, stay these proceedings, hold his current motion in abeyance to allow him time to

exhaust his new claims, then entertain a motion to amend his petition.

It appears obvious to the undersigned that these new claims would be barred by

the statute of limitations.  As stated above, the statute of limitations expired in December 2008.

The Ninth Circuit made it clear that a stay-and-abeyance order under Kelly does not protect a

petitioner's unexhausted claim from untimeliness.  See King, 564 F.3d at 1141.  Petitioner has

not set forth any reasons why he would be entitled to equitable tolling, nor does he set forth any

argument that these new claims would "relate back" to the claims in his pending petition.  See id.

(citing Mayle v. Felix, 545 U.S. 644, 662-64 (2005)).  In order for a claim to relate back, the

petitioner must show that the unexhausted claims share a "common core of operatives facts" with

those exhausted claims in his petition.  See Mayle, 545 U.S. at 659.  A new claim does not

"relate back" to the filing of an exhausted petition simply because is arises from "the same trial,

conviction, or sentence."  Mayle, 545 U.S. at 662-64.

The exhausted claims Petitioner raises in his current petition relate to the trial

court's alleged failure to advise him of his rights, and ineffective assistance of trial counsel.  The

new claims he wishes to exhaust and add relate to alleged sentencing errors and ineffective

assistance of appellate counsel.[3]  The undersigned does not see any "common core of operative

facts" between the exhausted and unexhausted claims which would allow the new claims to

relate back.  It therefore appears that Petitioner's unexhausted claims would be barred by the

---

[2]     Petitioner attaches to his motion a copy of a habeas petition filed in the Sacramento County Superior Court in July 2009.  However, this appears to be the first and only habeas petition filed in the state courts, and was filed in his attempt to exhaust the new claims.

[3]     Petitioner does not explain how these claims are "newly discovered."  It appears to the undersigned that these claims were, or should have been, known or discovered at the time he filed his original petition.

1   statute of limitations.  Petitioner does not provide a sufficient reason for the court to stay these

2   proceedings and hold his petition in abeyance while he attempts to exhaust the new claims.

3          Based on the foregoing, the undersigned recommends that Petitioner's motions to

4   stay (Docs. 19, 20) be denied.

5          These findings and recommendations are submitted to the United States District

6   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

7   after being served with these findings and recommendations, any party may file written

8   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

9   Findings and Recommendations."  Failure to file objections within the specified time may waive

10  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12  DATED:  March 30, 2010

13                                 _____

14                               **CRAIG M. KELLISON**
                                 UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26