# United States District Court
# Eastern District of California

| | |
|---|---|
| ANTHONY MARCELOUS KNOX, SR., | CV 08-00494 TJH |
| Petitioner, | |
| v. | |
| M. MARTEL, | Order<br>(JS-6) |
| Respondent. | |

    The Court has considered Knox's petition for habeas corpus, together with the moving and opposing papers.

    Before trial, Knox stipulated that (1) he had sexual intercourse with his sister-in-law, Kayla G., (2) he was 33 years old and she was 14 years old at the time, (3) Kayla was not his wife, (4) as a result, Kayla gave birth to a child and (5) DNA testing established that he is the child's father.

After waiver of a jury, count 1, forcible rape was dismissed. Knox absconded from trial prior to the remaining verdicts, and in his absence, was found guilty of child molestation, sexual intercourse with a minor under the age of sixteen years and false personation. The court, also, found that Knox had three prior "strikes," with two prior convictions for attempted murder and a prior conviction for residential burglary. Knox was sentenced to twenty-six years to life.

Knox's habeas corpus petition was filed after the effective date of, and, thus, is subject to, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Weaver v. Thompson, 197 F.3d 359, 362 (9th Cir. 1992). Under AEDPA, an application for a writ of habeas corpus shall not be granted, unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Furthermore, a state court factual determination must be presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A defendant pleading guilty is entitled to be advised by the judge in open court of his or her constitutional rights (a) against compulsory self-incrimination, (b) to be tried by a jury, and (c) to confront his or her accusers, and the court has an obligation to establish on the record that the defendant voluntarily and intelligently waived these rights. Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274, 279-280 (1969). Knox merely stipulated to facts, and did not plead guilty. "A stipulation to facts from which a judge or jury may infer guilt is simply not the same as a stipulation to guilt or a guilty plea." Adams v. Peterson,

968 F.2d 835, 839 (9th Cir. 1992). "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction … ." Boykin, 395 U.S. at 242, 89 S. Ct. at 1711, 23 L. Ed. 2d at 279. The Supreme Court recognized the distinction between a plea of guilty and stipulation of facts, thus, a defendant who stipulates to facts not entitled to the full constitutional protections that apply to the tendering of a guilty plea. Adams, 968 F.2d at 841. Thus, the trial court did not unreasonably apply federal law.

To prove ineffective assistance of counsel, a defendant must show both that the counsel's performance was deficient, and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984). With the evidence of the defendant's guilt in mind, if trial counsel's strategy meets the Strickland standard, then the client has no claim of ineffective assistance. Florida v. Nixon, 543 U.S. 175, 192, 125 S. Ct. 551, 563, 160 L. Ed. 2d 565, 581 (2004).

Counsel cannot be deemed ineffective for attempting to impress the trier of fact with his candor and unwillingness to engage in a useless charade. Nixon, 543 U.S. at 192, 125 S. Ct. at 563, 160 L. Ed. 2d at 581. Counsel may advise his client to plead guilty, or to stipulate to facts, if that advice falls within the range of reasonable competence under the circumstances. Tollet v. Henderson, 411 U.S. 258, 266-68, 93 S. Ct. 1602, 1607-1608, 36 L. Ed. 2d 235, 243-44 (1973). Although Petitioner's counsel advised him to stipulate to facts that resulted in guilty on several counts, counsel was successful in getting count 1, forcible rape, dismissed, which carried the possible sentence of life in prison without eligibility of parole. Thus, trial counsel's strategy did not breach the Strickland standard.

1       It is **Ordered** that the request for appointment of counsel be, and hereby is
2 Denied.

3

4       It is **Ordered** that the request for an evidentiary hearing be, and hereby is
5 Denied.

6

7       It is further **Ordered**, the petition for habeas corpus be, and hereby is, Denied.

8

9 Date: March 27, 2012

10 _____

11 Terry J. Hatter, Jr.
12 Senior United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26